74    457
126    272

[No. 11336. In Bank. — December 29, 1887.]

## DOMINGA DOMINGUEZ, RESPONDENT, *v.* BRIGIDO BOTILLER ET AL., APPELLANTS.

MEXICAN GRANT — JURIDICAL POSSESSION — APPROVAL BY DEPARTMENTAL ASSEMBLY. — Under the Mexican law, the validity of a grant of land was not affected by the fact that juridical possession was given before the approval of the grant by the departmental assembly.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The action was brought to recover possession of certain lands in Los Angeles County. The plaintiff claims title thereto as the daughter and heir at law of Apolonio Dominguez, deceased, who acquired title to the premises by mesne conveyances from Nemesio Dominguez, one of the grantees of the Mexican grant known as "Las Virgenes," dated on the 1st of October, 1834. The defendants are American citizens, in possession of a part of the land claimed, and plead title in the United States. The trial court held that the plaintiff's predecessors in interest had acquired a perfect title under the Mexican law before the acquisition of California by the United States, and that the failure to present the grant for confirmation to the board of land commissioners did not invalidate or otherwise affect her title. The questions presented by the case are the same as those decided in the case of *Phelan* v. *Poyoreno, ante,* p. 448, with the exception that in the present case the juridical possession of the land

included in the grant was given prior to the approval of the grant by the departmental assembly. Judgment was rendered in favor of the plaintiff, from which, and from an order refusing a new trial, the defendants appeal.

*H. K. S. O'Melveny, Lee & Scott,* and *Glassell, Smith & Patton,* for Appellants.

The failure of the plaintiff's predecessors to present the Mexican grant for confirmation was a forfeiture of their title. (Act of Congress of March 3, 1851; *Fremont* v. *United States,* 17 How. 553; *Fossatts* v. *United States,* 21 How. 447; *Newhall* v. *Sanger,* 92 U. S. 671; *United States* v. *San Jacinto etc. Company,* 10 Saw. 639; *Beard* v. *Federy,* 3 Wall. 490; *Reed* v. *Ybarra,* 50 Cal. 465.) The approval by the departmental assembly after the giving of juridical possession was sufficient to invalidate the grant. (Regulations of 1828, sec. 8.)

*Howard & Robarts,* and *A. L. Rhodes,* for Respondent.

The law of August 18, 1824, and the regulations of November, 1828, are the only laws of Mexico on the subject of granting lands in the department of the Californias. (*United States* v. *Workman,* 1 Wall. 762.) The law of 1824 does not prescribe or provide for any juridical possession; then only to the regulations of 1828 can we look for the authority to require such to be given. Under these regulations it was immaterial to the validity of the grant that juridical possession was given prior to the approval of the departmental assembly, or its predecessor, the territorial deputation. (*United States* v. *Larkin,* 18 How. 563; *Fremont* v. *United States,* 17 How. 561; *United States* v. *Vaca,* 18 How. 556; *United States* v. *Moreno,* 1 Wall. 400; *United States* v. *Cooper,* 1 Hoff. L. Cas. 102; *Arguello* v. *United States,* 18 How. 542; *United States* v. *Johnson,* 1 Wall. 329; *Malarin* v. *United States,* 1 Wall. 282; *United States* v. *Pico,* 5 Wall. 536; *Hornsby* v. *United States,* 10 Wall. 237.)

The COURT.—The judgment and order appealed from in this cause are affirmed, upon the doctrine enunciated and for the reasons given in *Phelan* v. *Poyoreno, ante,* p. 448.

We do not regard the fact that juridical possession was given before the approval of the grant by the departmental assembly sufficient to change the *status* of the case, or differentiate it from the case above mentioned.